**AKTIEBOLAGET SVENSKA AMERIKA LINIEN (SWEDISH AMERICAN LINE) et al., Petitioners,**

v.

**FEDERAL MARITIME COMMISSION**
**and**
**United States of America, Respondents,**
**American Society of Travel Agents, Inc.,**
**Intervenor.**

**No. 20458.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 14, 1966.

Decided Jan. 19, 1967.

Mr. Edward R. Neaher, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Warren E. Baker, Washington, D. C., was on the brief, for petitioners. Mr. Lloyd D. Young, Washington, D. C., also entered an appearance for petitioners.

Mr. Milton J. Grossman, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Donald F. Turner, James L. Pimper, Gen. Counsel, Robert N. Katz, Sol., Walter H. Mayo, III, Atty., Federal Maritime Commission, and Irwin A. Seibel, Atty., Dept. of Justice, were on the brief, for respondents.

Mr. Robert J. Sisk, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Glen A. Wilkinson, Washington, D. C., was on the brief, for intervenor. Mr. Jerry C. Straus, Washington, D. C., also entered an appearance for intervenor.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and TAMM, Circuit Judges.

TAMM, Circuit Judge:

In a previous decision in this case,[1] we remanded to the Federal Maritime Commission because of our determination that the Commission's decision lacked adequate findings to establish and support the Commission's conclusions. We called upon the Commission in that decision to give further consideration to the two controverted issues in the case, *id est*, the legality of the so-called "una-

1. Aktiebolaget Svenska Amerika Linien, et al. v. Federal Maritime Commission, et al., 122 U.S.App.D.C. 59, 351 F.2d 756 (1965).

nimity rule" and the legality of the "tieing rule."

On remand, the Commission, without taking additional testimony or evidence, accepted additional briefs from the parties, heard oral argument, and reached, by a divided vote, the same conclusions recorded in the earlier proceedings. The Commission's Report and Order on Remand, served July 20, 1966, containing these restated determinations, is again challenged by the same petitioners who had attacked the Commission's earlier action. In its present order, the Commission again strikes down both the provision of the Conference agreements requiring unanimous action of Conference members to fix or alter maximum commissions payable to travel agents (unanimity rule) and the provision of the Conference agreements prohibiting travel agents appointed by the Conference from selling tickets on competing non-Conference steamship lines without prior permission from the Conference (tieing rule). Both of these provisions are described in detail in our earlier opinion in this case, as are the identities of the parties, the provisions of pertinent statutes, and the governing case law.

There is no doubt whatsoever that the petitioner Conference was authorized by Section 15 of the Shipping Act, 46 U.S.C. § 814,[2] to act in concert in all shipping matters until and unless the actions were found illegal by the Commission as being detrimental to the commerce of the United States and contrary to the public interest within the meaning of those terms as contained in this statute. The petitioners were, consequently, free to adopt, utilize, and be governed by a unanimous vote requirement on the subject of maximum commissions to travel agents, unless the respondent found the provision was, in fact, detrimental to the commerce of the United States or contrary to the public interest, in accord with the statutory requirements and limitations of 46 U.S.C. § 814. The same principle, of course, applies to the Conference action relating to the "tieing rule." We remanded the Commission's earlier opinion and order to permit the Commission to make findings based on evidence of record, if any there be, to support its conclusions that the Conference actions on those subjects were illegal under the statute.

The case now returns to us upon the same evidentiary record which was before us when we previously reviewed the proceedings. True it is that the Commission's present opinion enlarges upon its previously stated views and is couched at various points in the phraseology of

2. Section 15 of the Shipping Act, 1916 (hereinafter the "Act"), 39 Stat. 733, as amended, 46 U.S.C. § 814 provides in pertinent part:

"Every common carrier by water, or other person subject to this chapter, shall file immediately with the Commission a true copy, or, if oral, a true and complete memorandum, of every agreement with another such carrier or other person subject to this chapter, or modification or cancellation thereof, to which it may be a party or conform in whole or in part, fixing or regulating transportation rates or fares; giving or receiving special rates, accommodations, or other special privileges or advantages; controlling, regulating, preventing, or destroying competition; pooling or apportioning earnings, losses, or traffic; alloting ports or restricting or otherwise regulating the number and character of sailings between ports; limiting or regulating in any way the volume or character of freight or passenger traffic to be carried; or in any manner providing for an exclusive, preferential, or cooperative working arrangement. The term 'agreement' in this section includes understandings, conferences, and other arrangements.

"The Commission shall by order, after notice and hearing, disapprove, cancel or modify any agreement, or any modification or cancellation thereof, whether or not previously approved by it, that it finds to be unjustly discriminatory or unfair as between carriers, shippers, exporters, importers, or ports, or between exporters from the United States and their foreign competitors, or to operate to the detriment of the commerce of the United States, or to be contrary to the public interest, or to be in violation of this chapter, and shall approve all other agreements, modifications or cancellations. * * *"

the statute. Careful analysis of the record, however, convinces us that nothing substantial has been added to support, sustain, or even justify the Commission's condemnation and voiding of the Conference actions. As the two dissenting opinions of Commission members accurately point out, the Commission Report lacks sufficient basis in supporting facts or evidence of record and consists only of rationalizations, conjecture and opinion.

We are not satisfied that the Commission has made adequate response to our mandate to eliminate the doubts and problems which we pointed out in our prior opinion. We conclude, consequently, that the Commission's decision is arbitrary and capricious and not supported by substantial evidence on the record considered as a whole.

We see no purpose in further remand, and, accordingly, we reverse the Commission action.

Reversed.

